IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT STEPHENSON, | ) | C.A. No. 25-cv-1086 |
| Plaintiff, | ) | |
| v. | ) | Jury Trial Demanded |
| WEST MIFFLIN AREA SCHOOL DISTRICT, GINA ENGLERT, KEVIN SQUIRES, MARK DONAHOE, JANELLE KOPAY and MATTHEW BLAZEVICH, individually. | ) | |
| Defendants. | ) | |

**COMPLAINT IN CIVIL ACTION**

AND NOW, comes the Plaintiff, SCOTT STEPHENSON, by and through his attorney, MARGARET S. COLEMAN and the law firm of O'Brien, Coleman & Wright, LLC and hereby files the within Complaint in Civil Action as follows:

I)   INTRODUCTION

1.   This lawsuit contends that Scott Stephenson's constitutional right to freedom of speech was violated when the West Mifflin Area School District and School Board Director Gina Englert terminated his employment as Athletic Director because he initiated and participated in criminal proceedings against Englert's husband, Brian Englert.

II)   PARTIES

2.   Plaintiff Scott Stephenson is an adult resident of West Mifflin Borough, Allegheny County, Pennsylvania.

3.   Defendant West Mifflin Area School District (WMASD) is a school district within the Commonwealth of Pennsylvania, with a principal place of business located at 81

Commonwealth Avenue West Mifflin, PA 15122. At all times relevant, WMASD was acting by and through its duly authorized agents, employees and/or assigns, who were acting within the course and scope of their employment, under the color of state law and in accordance with the custom, policies and practices of WMASD.

4. Defendants Gina Englert, Kevin Squires, Mark Donahoe, Janelle Kopay and Matthew Blazevich are adult individuals residing in West Mifflin who, at all times relevant, were West Mifflin Area School Directors and were acting under the color of state law and in accordance with the custom, practices and/or policies of the WMASD. These defendants are sued in their individual capacities.

III)   JURISDICTION

5. This Court has jurisdiction over Plaintiff's claims against the above-referenced defendants pursuant to 28 U.S.C. §1343 and/or 28 U.S.C. §1331.

IV)   FACTUAL ALLEGATIONS

6. Plaintiff Scott Stephenson was hired as Activities Coordinator for the West Mifflin Area School District in August 2006.  His title was later changed to Athletic Director, but his duties did not change. Beginning in 2018, Mr. Stephenson also served as the Boys Basketball Coach.

7. Mr. Stephenson consistently received positive performance evaluations and positive feedback from students, parents and administrators. West Mifflin renewed his employment contract at the end of each term without question.  Mr. Stephenson's last contract began on July 1, 2019 and expired on June 30, 2024.

8. Defendant Gina Englert began her first term on the West Mifflin Board of Directors in December 2019.

9. Englert repeatedly used her position as Director to target Mr. Stephenson for his political affiliations by, *inter alia,* subjecting him to unwarranted scrutiny, refusing to approve requested resources, falsely accusing him of misconduct and criminal behavior and making false and defamatory statements about Mr. Stephenson on her social media platforms.

10. Englert's husband, Brian Englert, also targeted Mr. Stephenson with unfounded allegations of misconduct as well as false and defamatory statements on social media platforms.

11. Englert enlisted her political allies, Directors Kevin Squires, Mark Donahoe, Janelle Kopay and Matthew Blazevich, to assist her in this targeting.

12. In or about October of 2020, Mr. Stephenson was deposed in a civil lawsuit brought by former Superintended Daniel Castagna stemming from the termination of his employment in 2019. In March of 2022, Mr. Stephenson testified in the trial of the same matter. Mr. Stephenson's testimony was adverse to Castagna's claims.

13. Englert was a strong supporter of Castagna. Her targeting of Mr. Stephenson escalated after Mr. Stephenson testified against him.

14. On or about August 14, 2023, WMASD Superintendent Jeffery Soles told Mr. Stephenson that he intended to recommend to the Board that Mr. Stephenson's contract be renewed.

15. On or about October 6, 2023, Brian Englert, gained access to "preferred parking" at the West Mifflin football stadium by impersonating a law enforcement officer.

16. At halftime, Englert forced his way into an "invitation only" hospitality suite in which school board members, coaches and personnel from both schools were socializing.

17. Englert shouted, "Where they at?", called Mr. Stephenson and others "crooks and losers" and said to Mr. Stephenson, "You know where to find me, I have something waiting for you!" Mr. Stephenson interpreted this as a threat of violence against him. Later in the game, Brian Englert posted photographs of Mr. Stephenson on the sidelines while bragging about his behavior in the hospitality suite.

18. On or about October 9, 2023, Mr. Stephenson submitted a formal complaint about Brian Englert to the WMASD Security Director. The Security Director had a resource officer take Mr. Stephenson's statement and stated that the matter would be turned over to the West Mifflin Police Department.

19. On or about October 11, 2023, a West Mifflin Police detective contacted Mr. Stephenson. This detective met with Mr. Stephenson on October 12 and took his statement.

20. On or about October 20, 2023 the West Mifflin Police Department charged Brian Englert with impersonating a police officer, criminal trespass and harassment.

21. As a result of the criminal charges, Mr. Englert was suspended from his position as a corrections officer at the Allegheny County jail. This loss of income caused the Englerts to default on their Chapter 13 bankruptcy.

22. Brian Englert's preliminary hearing was scheduled for December 21, 2023. The Commonwealth intended to call Mr. Stephenson and Director Yuhas as witnesses.

23. On November 14, 2023, WMASD Superintendent Jeffery Soles asked to meet with Mr. Stephenson privately. Soles told Mr. Stephenson that the board was waiting to make a decision about extending his contract because they wanted to "see how the situation with [Defendant

Englert's husband] plays out." Soles told Mr. Stephenson not to tell anyone about their conversation.

24. On November 16, 2023, Englert's attorney requested that the preliminary hearing be continued. The hearing was ultimately rescheduled for February 29, 2024.

25. On February 15, 2024, Director Donahoe moved to add an item to the next meeting's agenda to allow the Board to open the position of Athletic Director at the expiration of Mr. Stephenson's contract. Englert seconded this motion. The vote was five yes, four no. Englert, Donahoe, Kopay and Squires voted "yes".

26. Mr. Stephenson attended the planned preliminary hearing on February 29, 2024. Prior to the hearing, Englert pled guilty to disorderly conduct.

27. On March 18, 2024 Mr. Stephenson made a formal complaint to WMASD's solicitor about harassment by the Englerts.

28. At the March 20, 2024 Board meeting Donahoe made a motion to, "Eliminate the position of Athletic Director effective June 30, 2024, and create the position of Director of K-12 Activities and Athletics effective July 1, 2024, and authorize Administration to post and advertise to fill the Director of K-12 Activities and Athletics position."

29. The board approved the motion. The vote was five "yes," four "no." Englert, Donahoe, Kopay, Squires and Blazevich voted "yes".

30. Mr. Stephenson applied for the Director K-12 Activities and Athletics position on April 30.

31. On June 20, 2024, WMASD hired Lance Maha as Director of K-12 Activities and Athletics. He assumed the position on July 1, 2024. Maha's only relevant experience was one year as interim athletic director approximately twenty years before.

32. In July 2024, for the first time in several years, WMASD solicited applications for winter and spring athletic coaching positions.

33. Mr. Stephenson applied for the position of Boys Basketball Coach, which he had held since 2018. Mr. Stephenson was the only applicant for the position at the end of the application period. Because of this, WMASD extended the application period for an additional two weeks. During this time WMASD solicited another applicant who it hired.

34. Defendants eliminated Mr. Stephenson's position as WMASD Athletic Director, failed to hire him as Director of K-12 Activities and Athletics and failed to rehire him as Boys Basketball Coach in retaliation for his testimony in the Castagna lawsuit.

35. Defendants eliminated Mr. Stephenson's position as WMASD Athletic Director and failed to hire him as Director of K-12 Activities and Athletics in retaliation for his provision of information to the West Mifflin Police Department and the Allegheny County District Attorney's office in connection with the criminal prosecution of Brian Englert.

36. Defendants eliminated Mr. Stephenson's position as WMASD Athletic Director and failed to hire him as Director of K-12 Activities and Athletics in direct retaliation for his agreement to testify at Brian Englert's preliminary hearing and for appearing at Brian Englert's preliminary hearing with the intent to testify.

V)   CLAIMS

37.   Mr. Stephenson incorporates Paragraphs 1 through 28 as if fully incorporated herein.

38.   Defendants' actions, as described herein, violated Mr. Stephenson's' right to freedom of speech as protected by the First Amendment to the United States Constitution and made actionable by 42 U.S.C. § 1983.

VI)   DAMAGES

39.   As a result of the Defendants' conduct, as hereinbefore described, Mr. Stephenson has suffered lost wages, benefits, and other remuneration.

40.   As a result of the Defendants' conduct as hereinbefore described, Mr. Stephenson has suffered embarrassment, humiliation, and emotional distress.

41.   Defendants' conduct, as hereinbefore described, was willful, outrageous, and/or performed in reckless disregard of Mr. Stephenson's federally protected rights.

WHEREFORE, Plaintiff requests judgment in his favor and against Defendants for compensatory and/or punitive damages, the award of costs and attorneys' fees and such other relief as this Court deems appropriate and/or equitable under the circumstances.

    Respectfully submitted,

    /s/ Margaret S. Coleman
    PA ID# 200975
    O'BRIEN COLEMAN & WRIGHT, LLC
    116 Boulevard of the Allies
    Pittsburgh, PA  15222
    (412) 232-4400
    maggie@ocwjustice.com

    Attorney for Plaintiff